IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN BERNARD GOODEN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:20-cv-00646-M (BT) | |
| § | | |
| CHRISTOPHER TODD, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Melvin Bernard Gooden filed a *pro se* prisoner civil rights action under 42 U.S.C. § 1983. The Court granted Gooden leave to proceed *in forma pauperis* but withheld issuance of process pending judicial screening. For the following reasons, the Court should dismiss Gooden's complaint for failure to state a claim upon which relief may be granted.

I.

Gooden filed this complaint against Dallas Police Department Sergeant Christopher Todd, Dallas Police Department Sergeant Brandon Bird, and the Dallas Police Department. Gooden alleges that he was detained without probable cause, and this resulted in him being wrongfully arrested. He also claims that while he was out of jail on a personal recognizance bond with stipulations, the court ordered him to appear at 9:00 a.m. on May 11, 2018, within less than 24 hours of this incident. Gooden claims that 20 minutes prior to this incident, while he was still downtown in Dallas, Texas, he had been detained and released by 2 other

1

officers with the Dallas Police Department based on suspicions of being publicly intoxicated. When Sergeant Todd and Sergeant Bird arrested Gooden on May 10, 2018, both officers claimed that he eluded two other officers who had previously detained and released him. Gooden claims that there are no records or statements from the other officers. Also, he claims that there is no physical evidence to support the allegations made by Sergeant Todd and Sergeant Bird.

On June 8, 2018, Sergeant Todd and Sergeant Bird appeared at Gooden's adjudication hearing at the Criminal District Court #2 at the Frank Crowley Courts Building to testify against him in Case Number F18-54072. When Sergeant Todd got on the stand, he testified that he had three bases for his probable cause:  (1) Gooden eluded two other Dallas Police Department officers; (2) Gooden appeared intoxicated; and (3) Gooden was being pursued for city warrants.

On June 28, 2018, the prosecutor for the State of Texas filed a motion to dismiss the case against Gooden in Case Number F18-54072. However, Gooden claims that the City of Dallas Internal Affairs Division refuses to hold Sergeant Todd and Sergeant Bird responsible for their "malicious actions" that ultimately resulted in his wrongful arrest. Gooden seeks counsel to assist him with this case, for Internal Affairs to investigate and hold Sergeant Todd and Sergeant Bird responsible for their actions, and a letter of recommendation to the Texas Board of Pardon and Paroles in support of the commutation of his sentence.

II.

Gooden's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III.

**A. Dallas Police Department**

Gooden names the Dallas Police Departments as a defendant. "The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting Fed. R. Civ. P. 17(b)). Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit. *See, e.g., Boatwright v. Plumley,* 2020 WL 4550418, at *1 (N.D. Tex. June 25, 2020), *adopted sub nom. Boatwright v. Sadberry*, 2020 WL 4530368 (N.D. Tex. Aug. 5, 2020) (Dallas police department is not a proper defendant with jural existence); *Johnson v. Dallas Police Dep't*, 2004 WL 2964968 at *2 (N.D. Tex. Dec. 15, 2004), *adopted by* 2005 WL 119467 (N.D. Tex. Jan. 18, 2005) (same); *Bridges v. Rossi*, 1998 WL 241242 at *5 (N.D. Tex. May 6, 1998) (same). *See also Darby*, 939 F.2d at 313 ("In order for a plaintiff to sue a city department, it must 'enjoy a separate legal existence.'" (citations omitted)). "Therefore, '[u]nless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued.'" *Evans v. City of Dallas*, 2017 WL 958607, at *6 (N.D. Tex. Mar. 13, 2017) (citations omitted). "The burden of showing that the city or county department has the capacity to be sued rests on the plaintiff." *Cortes v. Havens*, 2014 WL 6861245, at *6 (N.D. Tex. Dec. 5, 2014) (citation omitted).

Texas law permits home-rule municipalities the authority to organize police departments. *See* Tex. Loc. Gov't Code Ann. § 341.003. Dallas is a home-rule municipality, and its city charter does not grant the Dallas Police Department the authority to sue or be sued. *See* Dallas, Tex., Charter ch. II, § 1(2). Because the Dallas Police Department lacks this authority, Gooden may not bring suit against it. Therefore, Gooden's claims against the Dallas Police Department should be dismissed.

### B. Internal Affairs

Gooden also names Sergeant Todd and Sergeant Bird as defendants, but he does not seek relief directly from them. Instead, Gooden seeks for Internal Affairs to investigate and hold Sergeant Todd and Sergeant Bird responsible for their actions. (ECF No. 3 at 4). The Internal Affairs Division of the Dallas Police Department is a staff unit that reports directly to the Chief of the Dallas Police Department. https://dallaspolice.net/division/internalaffairs/racialprofiling (last visited Oct. 16, 2020). This Court lacks authority to order the Internal Affairs Division of the Dallas Police Department to investigate Sergeant Todd and Sergeant Bird. *Jones v. Rivera*, 2012 WL 1078229, at *2 (W.D. Tex. Mar. 1, 2012), *adopted by*, 2012 WL 1078190 (W.D. Tex. Mar. 28, 2012) (court has no authority to order an internal investigation). Gooden's request for a court-ordered investigation is simply not cognizable in this civil rights action. *Id.* To the extent that Gooden seeks for the Internal Affairs Division of the Dallas Police Department to investigate and hold Sergeant Todd and Sergeant Bird responsible for their

actions, his claims are frivolous and should be dismissed. *See Cortez v. Harris County D.A.*, 2019 WL 1168020, at *2 (S.D. Tex. Mar. 13, 2019) ("Because the relief sought is not available in a civil rights complaint under § 1983, the case must be dismissed for failure to state a claim upon which relief can be granted.") (footnote omitted); *Holley v. Sheriff's Office*, 2017 WL 3687663, at *2 (W.D. La. Aug. 9, 2017) ("Because the relief sought by Plaintiff . . . is not available through a civil rights action, Plaintiff's § 1983 complaint should be dismissed with prejudice under § 1915(e)(2)(b) and § 1915A.").

### C. Letter of Recommendation

Gooden also seeks a letter of recommendation to the Texas Board of Pardon and Paroles in support of the commutation of his sentence. (ECF No. 3 at 4). He does not claim who should write the letter of recommendation that he wants. Regardless, this Court lacks the authority to order an unnamed person to write a letter of recommendation on his behalf in support of commutation. Therefore, to the extent Gooden is seeking a letter of recommendation on his behalf from an unnamed person, his claims are frivolous and should be dismissed. *See Cortez*, 2019 WL 1168020, at *2; *Holley*, 2017 WL 3687663, at *2.

### IV.

The Court recommends that Gooden's complaint be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

Because it is not clear that Gooden has yet pleaded his best case, and he has not been granted leave to amend his complaint, the District Court should allow

6

Gooden 21 days from the date of any order accepting these Findings, Conclusions, and Recommendation in which to file an amended complaint and should order that if Gooden fails to do so, all of his claims will be dismissed with prejudice without further notice.

Signed October 19, 2020.

                                                     REBECCA RUTHERFORD
                                                   UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).